UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENT G. LEHMAN,<br><br>                              Plaintiff,<br><br>v.<br><br>F.B.I. et al.,<br><br>                              Defendants. | Case No.:  26-cv-02026-JO-BJW<br><br>**ORDER DISMISSING THE COMPLAINT** |

On January 31, 2026, *pro se* Plaintiff Kent G. Lehman sued the Federal Bureau of Investigations ("FBI"), the Department of Homeland Security ("DHS"), and the Department of State ("DOS") alleging that they unlawfully disseminated his personal information and intentionally discriminated against him. Dkt. 1.  For the reasons stated below, the Court dismisses Plaintiff's complaint with leave to amend.

1. Because the Court granted Plaintiff leave to proceed *in forma pauperis* ("IFP"), Dkt. 8, it screens his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).  Under § 1915(e)(2)(B), a court may *sua sponte* dismiss a case if it is "frivolous,

1

malicious, fail[s] to state a claim upon which relief may be granted, or seek[s] monetary relief from a defendant immune from such relief."

2. Upon screening, the Court dismisses Plaintiff's *Bivens* claim with prejudice because *Bivens* actions cannot be brought against federal agencies. *FDIC v. Meyer*, 510 U.S. 471, 484–86 (1994) (*Bivens* cannot be extended to actions against federal agencies because doing so would impose undue burdens on the federal government without serving purpose of deterring individual officers); *see also Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971). Amendment would be futile because no additional facts can overcome this legal bar. *Chappel v. Lab'y Corp. of Am.*, 232 F.3d 719, 725–26 (9th Cir. 2000) (court may deny leave to amend where amendment would be futile).

3. The Court dismisses with leave to amend Plaintiff's disability discrimination claim for failing to allege facts about the nature of his disability and the discrimination that he suffered. *See Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555 & n.3 (2007) (Fed. R. Civ. P. 8(a) requires that a complaint allege enough facts to provide "fair notice" of both the particular claims being asserted and "the grounds upon which [those claims] rest") (citations omitted); *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (Rule 8(a)(2) requires that a complaint contain a "short and plain statement of the claim"). If Plaintiff wishes to file an amended complaint, he must allege specific facts to explain the nature of his disability, how it impacts his functioning or activities, who discriminated against him, and how the discrimination occurred. *See Smith v. Clark County School Dist.*, 727 F.3d 950, 955 (9th Cir. 2013) (explaining that to bring an ADA claim, the plaintiff must prove (1) they are disabled within the ADA's meaning; (2) they are a "qualified individual" with a disability; and (3) they were discriminated against because of their disability); *Duvall v. County of Kitsap*, 260 F.3d 1124, 1135 (9th Cir. 2001) (explaining that requirements for claims under Title II of the

ADA and § 504 of the Rehabilitation Act are very similar because the ADA "was expressly modeled" after the Rehabilitation Act.)

4. The Court dismisses with leave to amend Plaintiff's "Privacy Act" claim because the Court cannot discern from the complaint (1) which statute Plaintiff intends to invoke, as there is no federal statute by this name; (2) the identity of the party or parties who allegedly violated the statute; and (3) the specific conduct constituting the alleged violation. *See Twombly*, 550 U.S. at 555 & n.3. Failure to do so will result in dismissal of this claim with prejudice.

5. Plaintiff is granted leave to file an amended complaint **within 45 days of the date of this order**. Any amended complaint must be complete by itself without reference to prior pleadings; any defendants not named and claims not re-alleged in the amended complaint will be considered waived. *See* S.D. Cal. Civ. L. R. 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend may be considered waived if not re-pled in the amended pleading).

6. Should Plaintiff fail to file an amended complaint within 45 days, his case will be dismissed based on his failure to prosecute in compliance with this order. *See Edwards v. Marin Park*, 356 F.3d 1058, 1065 (9th Cir. 2004) ("The failure of the plaintiff eventually to respond to the court's ultimatum—either by amending the complaint or by indicating to the court that [he] will not do so—is properly met

with the sanction of a Rule 41(b) dismissal.").

**IT IS SO ORDERED**.

Dated:  July 7, 2026

_____
Honorable Jinsook Ohta
United States District Judge